**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**


**ROBIN SILLS**                                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 2:15-cv-00090-KS-MTP**

**BEAL BANK, SSB**                                                        **DEFENDANT**
**LPP MORTGAGE LTD**                                              **DEFENDANT**
**PROPERTY ACCEPTANCE CORPORATION**                **DEFENDANT**
**MGC MORTGAGE, INC**                                              **DEFENDANT**
**CLMG CORP**                                                              **DEFENDANT**
**BEAL FINANCIAL CORPORATION**                            **DEFENDANT**

**DAN WESLEY BREWER**                                          **DEFENDANT**

**ELLIOT SJHON**                                                          **DEFENDANT**

**DOES 3-5, INCLUSIVE**                                          **DEFENDANT**


<u>**AMENDED COMPLAINT**</u>


COME NOW the Plaintiff, Robin Sills, pursuant to Federal Rule of Civil Procedure 15(a)(1) which allows for a pre-trial Amendment as a "matter of course" if "the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants Beal Bank, SSB and LPP Mortgage Ltd filed a Rule 12(b) motion on July 9, 2015. Plaintiff's Amendment is timely filed under Rule 15(a)(1). Plaintiff has utilized the federal court's case caption for their Amended Complaint, even though this Amendment amends a state court pleading with state court caption.

This Complaint was originally filed by the Plaintiff against Beal Bank, SSB; LPP Mortgage Ltd; and other affiliated Beal Bank entities (Property Acceptance Corporation; MGC Mortgage, Inc.; and CLMG Corp under the Beal Bank umbrella)["all collectively

referred to as "Beal Bank" going forward]; and Does 1-5 with the Chancery Court of Lamar County, Mississippi on June 4, 2015. On July 2, 2015, Defendants Beal Bank, SSB and LPP Mortgage Ltd filed a Notice of Removal under 28 U.S.C. §1446 to move this Complaint to the United States District Court for the Southern District of Mississippi Court. Defendants Beal Bank, SSB and LPP Mortgage Ltd have used removal for purely a strategic advantage to prevent justice from prevailing in this case. On July 9, 2015, Defendants Beal Bank, SSB and LPP Mortgage Ltd filed a Motion to Dismiss based on an alleged time-barred statute under Federal Rules of Civil Procedure 12(b)(6). This is another strategic defense Defendants Beal Bank, SSB and LPP Mortgage Ltd have used to attempt a complete quash of the Plaintiff's Complaint pre-trial. The courts have a general policy of determining actions based on facts and merits of the case and should not let strategies of one party prevent justice from prevailing.

This Amendment is based on issues raised in the initial state court pleading. It has been the Plaintiff's intent (as referenced by the inclusion of Does 1-5 as Defendants in the state court pleading) to include additional Defendants and Causes of Actions once the case was further developed through Beal Bank's response to the Complaint and provision of substantial quantities of discovery documents. Given the Removal and Motion filed by the Defendants Beal Bank, SSB and LPP Mortgage Ltd, Plaintiff feels obligated to file this Amendment to protect the integrity of this Complaint moving forward.

The Plaintiff amends the original state court pleading to include the following substantive changes to the Complaint: (1) separately list and provide service/process under US District Court rules (due to removal) to Beal Bank defendants Property Acceptance Corporation; MGC Mortgage, Inc; CLMG Corp and add Beal Financial Corporation - all for clarity purposes; (2) identify named Defendant Doe 1 as Dan Wesley Brewer and Defendant Doe 2 as Elliot Sjhon; (3) add or modify the following Causes of Action: (a) wrongful foreclosure; (b) quiet title; (c)

unjust enrichment; (d) accounting; (e) quasi contract; (f) trespass/ejection; (g) successor liability; (h) breach of good faith; (i) negligent infliction of emotional distress; (j) constructive fraud; and (k) negligence; and (4) eliminate any unnecessary and duplicative federal causes of action. Additional legal citations will be provided once final court jurisdiction is determined.

<u>**PARTIES**</u>

1.      Plaintiff, Robin Sills, is a resident citizen of Lamar County, Mississippi and title owner of the real property located at 420 Sam Rayburn Drive, Hattiesburg, MS 39402 (Part of Lot 307 of Westover West Second Addition Subdivision, Lamar County, Mississippi - Parcel ID # 205-Q0207600-10700) ["Sam Rayburn Property"] at the time of an alleged non-judicial foreclosure by Beal Bank.

2.      Defendants Beal Bank, SSB; LPP Mortgage Ltd; Property Acceptance Corporation; MGC Mortgage, Inc; CLMG Corp and Beal Financial Corporation (Beal Bank) is a financial institution with headquarter locations in Plano, Texas who allegedly acquired through receivership from the Federal Deposit Insurance Corporation (hereinafter referred to as "FDIC") a Deed of Trust and Promissory Note from New South Federal Savings Bank, Irondale, Alabama ("New South Federal").

3.      Defendant, Beal Bank engaged multiple agents, representatives, and trustees to assist with the alleged collection/foreclosure process involving the Sam Rayburn Property.  This includes Central Loan Administration and Reporting ("CENLAR") as the alleged Deed of Trust servicing provider for Beal Bank (also, worked in the same capacity for New South Federal); Morris & Associates, Attorneys at Law ("Morris & Associates") who were the initial attorneys of Beal Bank and CENLAR used to enforce the alleged Deed of Trust; Nationwide Trustee Services, Inc. and affiliated law firm Johnson & Freedman LLC (now RCO Legal, P.S.) who were the attorneys of Beal Bank

and CENLAR that completed the alleged non-judicial foreclosure on January 12, 2012; and various trustee assignment persons/entities. For purposes of this Complaint, all Beal Bank's agents, representatives, and trustees will be named Beal Bank when discussed collectively.

4.      Defendant Doe 1, Dan Wesley Brewer ("Wes Brewer") of 20824 Conway Road, Moss Point, Mississippi, was the President of Mortgage Equity Lending Corporation in May 2005 when the alleged Deed of Trust was sold to New South Federal. Also, Wes Brewer performed duties as property manager for the Plaintiff by collecting rents and paying mortgage and maintenance expenses for the Sam Rayburn Property. As discussed in the initial state court pleading, Wes Brewer had numerous business arrangements with New South Federal where either he or his company was compensated for selling mortgages to the financial institution. After Beal Bank allegedly became the owner of the alleged Deed of Trust, their self-generated "Declaration of Interest" document contained the name of Wes Brewer's company, Mortgage Equity Lending Corporation, as the grantor and LPP Mortgage, Ltd. as grantee both having the same address of 425 Phillips Blvd, Ewing, NJ 08618. Additionally, Beal Bank (through Morris & Associates and CENLAR) appears to have had a continuing relationship with Wes Brewer as he made financial payments on the alleged Deed of Trust (utilizing Plaintiff's funds) yet Beal Bank failed to deal directly with the Plaintiff regarding foreclosure notification or payment requests. From outward appearances, Wes Brewer's relationship with Beal Bank was not "arm's-length" and brings up concerns of improprieties that may have happened between Beal Bank and Wes Brewer.

5.      Defendant Doe 2, Elliot Sjhon of 420 Sam Rayburn Drive, Hattiesburg,

Mississippi, is the current occupant of the Sam Rayburn Property. Elliot Sjhon allegedly purchased the Sam Rayburn Property on September 20, 2012. Plaintiff is asserting ejectment and trespass claims against Elliot Sjhon since he unlawfully resides at and illegally possesses their property. The alleged foreclosure sale on January 12, 2012 of the Sam Rayburn Property by Beal Bank was improper and void, whereby they could not transfer their title to other parties, including the alleged eventual sale to Elliot Sjhon. Plaintiff maintains superior and equitable title in opposition to any alleged conveyance or evidence to title of the Sam Rayburn Property. Plaintiff is seeking judgment adjudicating Plaintiff to be the legal owners of the Sam Rayburn Property and order of ejectment pertaining to Elliot Sjhon. According to *Brasel v. JPMorgan Chase, N.A.*, 1:13-CV-00206-GHD, 2014 WL 2879698 (N.D. Miss. June 24, 2014), "In a wrongful foreclosure case, there is at least a slight possibility of recovery on claims against a subsequent purchaser for value in Mississippi." (citing *Tenn. Props., Inc. v. Gillentine*, 66 So.3d 695, 699 (Miss. Ct. App. 2011).

6.     Remaining Defendants Doe 3, 4, and 5 are entities/persons which or who have benefited directly or indirectly, have been unjustly enriched, or have caused financial harm to Plaintiff by the use of the Plaintiff's monetary funds or assets. Plaintiff reserves the right to substitute names and identities of entities and individuals.

## **FACTS**

7.     On May 5, 2005, Beth Wolfe entered into a Deed of Trust totaling $52,700 for the purchase of the Sam Rayburn Property. Lender is named as Mortgage Equity Lending Corporation. Clause 18 – "Transfer of the Property or a Beneficial Interest in Borrower of the Deed of Trust" of the Deed of Trust states that should the Borrower sell or transfer any portion of the Sam Rayburn Property, without Lender's prior written

consent, Lender may require immediate payment in full of all sums secured (i.e. accelerate the loan) by the Deed of Trust.

8.     On May 6, 2005, Mortgage Equity Lending Corporation transferred the Deed of Trust totaling $52,700 to New South Federal.  The transfer was signed by Mortgage Equity Lending Corporation's President Wes Brewer.

9.     On November 14, 2005, Beth Wolfe transferred the Sam Rayburn Property to Shoestring Homes, LLC through a Quit Claim Deed.  Lender New South Federal did not accelerate the loan under Clause 18 of the Deed of Trust.

10.     On April 29, 2009, Shoestring Homes, LLC sold the Sam Rayburn Property to Plaintiff for $64,000.  After closing costs, Plaintiff paid $18,000 cash and assumed New South Federal loan for $47,882.47.  Plaintiff assumed the rental contract for tenants in the house.  Wes Brewer acted as the buying and selling realtor and subsequently performed duties as property manager for Plaintiff.  Transfer of the Sam Rayburn Property was handled through a Quit Claim Deed.  Again, Lender New South Federal did not accelerate the loan under Clause 18 of the Deed of Trust.

11.     On December 18, 2009, New South Federal was closed by the U.S. Office of Thrift Supervision, and the FDIC was named as Receiver.  On March 24, 2010, the FDIC allegedly transferred the alleged Sam Rayburn Deed of Trust and Promissory Note to Beal Bank.

12.     Starting March 24, 2010, Beal Bank started various transfers of the alleged Deed of Trust to multiple Beal Bank affiliated entities including Property Acceptance Corporation and LPP Mortgage, Ltd.  On August 23, 2010, almost five and one-half (5½) years after Beth Wolfe executed the original Deed of Trust and Promissory Note, a new

"Declaration of Interest" was filed by Beal Bank. The Declaration of Interest states "… the land records for Lamar County do not reflect the assignment to the present holder or to a predecessor holder of this note and deed of trust because of a lost assignment, that using all reasonable commercial diligence standards, cannot be found . . . therefore, the undersigned declares that it is the present owner and holder of said note and deed of trust securing said note pursuant to valid assignment and endorsement. This Declaration of Interest is filed as evidence of ownership of the above-described indebtedness" [emphasis added]. Also, on the document, Mortgage Equity Lending Corporation has the same address as CENLAR, 425 Phillips Blvd, Ewing, NJ 08618. Wes Brewer was the President of Mortgage Equity Lending Corporation in May 2005 when the Deed of Trust was sold to New South Federal. Wes Brewer/Mortgage Equity Lending Corporation was routinely compensated by New South Federal through the selling of Deeds of Trust to New South Federal. Also, on August 23, 2010, Beal Bank re-recorded all of the alleged Deed of Trust related documents including transfers to Property Acceptance Corporation and LPP Mortgage, Ltd., a new trustee designation, and Power of Attorney designation for Beal Bank related company MGC Mortgage Inc. (foreclosure entity).

13.    On January 12, 2012, Beal Bank allegedly completed a non-judicial foreclosure of the Sam Rayburn Property by accepting a bid from Beal Bank affiliated company LPP Mortgage, Ltd. for $51,968.70. Contained in the Substitute Trustee's Deed, Nationwide Trustee Services, Inc. provided a copy of the published proposed sale notice stating "Title to the above described property [Sam Rayburn Property] is believed to be good, but I will convey only such title as is vested in me as Substituted Trustee." [emphasis added].

14. On September 20, 2012, the Sam Rayburn Property was allegedly sold for $104,900 on the open marketplace to Elliot Sjhon.

15. Prior to the FDIC takeover of New South Federal in December 2009, Plaintiff's mortgage payments were timely. Once Beal Bank allegedly assumed the Deed of Trust in March 2010, payments became difficult to make due to lack of process continuity and communication (according to Wes Brewer) leaving some mortgage payments to go unrecorded. From June 30, 2009 to April 28, 2011, total payments made to New South Federal Savings Bank, LPP Mortgage, Ltd., CENLAR, and Morris & Associates by property manager Wes Brewer utilizing Plaintiff's funds totalled $18,433.86 (over 38.5% of the remaining 30-year Deed of Trust obligation had been repaid by the Plaintiff assumed just 2 years earlier). Plaintiff believes certain payments were never credited by Beal Bank to the mortgage account, which lead to an unnecessary alleged foreclosure process. Plaintiff has requested this information multiple times of Beal Bank extending through August 2014 without success. According to Wes Brewer's discussion with CENLAR, the alleged Deed of Trust was current (not in arrears) as of May/June 2011. Beal Bank allegedly foreclosed on the Sam Rayburn Property just (six) 6 months later, an obvious, "dual track" foreclosure activity.

16. Plaintiff was completely unaware of any alleged foreclosure proceedings taking place until July 29, 2012, approximately six (6) months after Beal Bank's alleged non-judicial foreclosure. When Plaintiff confronted Wes Brewer, he explained that he was unaware that an alleged final foreclosure had taken place and had explained that he paid amounts to Morris & Associates and CENLAR in prior years but failed to mention this to the Plaintiff due to professional embarrassment. From discussion with Wes Brewer, he mentioned that he was a party to several conversations with New South Federal, CENLAR, and/or Morris & Associates

explaining that the Sam Rayburn Property was sold to Plaintiff in April 2009. This can be further substantiated in writing where Wes Brewer, on October 20, 2010, stated on a document sent to CENLAR and Morris & Associates that "I help Ms. Sills and I pay 4,612.99 to satisfy past due payments . . .". Plaintiff continued to pay for property insurance coverage on the Sam Rayburn Property after the alleged foreclosure date of January 12, 2012 based on Inserv General Agency Invoice # 1182023, Invoice Date: May 20, 2012 and Balance Forward $ 0.

17.     During mid to late 2012 and early 2013, Plaintiff attempted to obtain information from CENLAR regarding history payments made on the Sam Rayburn Property but was denied this information multiple times since Plaintiff's name was not on the alleged Deed of Trust and related information. From March 18, 2013 until June 15, 2014, several communications took place between Plaintiff, Plaintiff's Power of Attorney David Bowman, and Johnson & Freedman LLC (attorneys for CENLAR and Beal Bank). On May 1, 2013, a Compensation Demand Letter dated April 30, 2013 was sent by Plaintiff to Johnson & Freedman LLC. Also, on May 1, 2013, a Compensation Demand Letter was sent by Plaintiff to Melissa Sassine at Beal Bank affiliated company, CLMG Corporation. On June 13, 2013, a response was received by Plaintiff from Johnson & Freedman LLC denying any wrongdoing. On June 18, 2013, Plaintiff's Power of Attorney David Bowman emailed Larry Johnson of Johnson & Freedman LLC about concerns of wrongful foreclosure and unjust enrichment by their clients in connection with the alleged foreclosure of the Sam Rayburn Property. Johnson & Freedman LLC ultimately never responded to these concerns despite follow-up emails to Larry Johnson on June 26, 2013; July 9, 2013; and July 15, 2013. On May 15, 2014, Plaintiff's Power of Attorney David Bowman emailed to Larry Johnson of Johnson & Freedman LLC a further request asking for an accounting of funds in connection with the alleged foreclosure of the Sam Rayburn Property. Even though Larry

Johnson indicated their client was "looking into this still" on July 23, 2014 nothing further was received from Johnson & Freedman LLC. A further email to Melissa Sassine at Beal Bank on September 19, 2014 led to no further response. On October 15, 2014, an email was sent by Plaintiff's Power of Attorney to Larry Johnson of Johnson & Freedman LLC and Melissa Sassine of Beal Bank deeming their lack of providing requested information with no response to be "non-cooperative".

## FIRST CAUSE OF ACTION – WRONGFUL FORECLOSURE

18.     Beal Bank does not have standing to enforce the alleged Deed of Trust or Promissory Note because there were no valid assignments of these documents to Beal Bank. The Deed of Trust and Promissory Note that allegedly passed from Mortgage Equity Lending Corporation to New South Federal to the FDIC (in receivership) to Beal Bank had defective assignments and were void in the hands of Beal Bank.

19.     Beal Bank's "Declaration of Interest" clearly states "… the land records for Lamar County do not reflect the assignment to the present holder or to a predecessor holder of this note and deed of trust because of a lost assignment, that using all reasonable commercial diligence standards, cannot be found . . . therefore, the undersigned declares that it is the present owner and holder of said note and deed of trust securing said note pursuant to valid assignment and endorsement. This Declaration of Interest is filed as evidence of ownership of the above-described indebtedness" [emphasis added]. The generation of this self-serving document by Beal Bank clearly indicates their concern with the lack of perfection of the chain of title involving the alleged Deed of Trust and Promissory Note. The filing and recording of this document with the Lamar County, Mississippi land records is fraudulent. The purpose of a local land records office

is to record accurate, certifiable records (e.g. title, deeds of trust, etc.), which was not done in this case.

20.    As detailed in the original state court pleading, Beal Bank demanded and received $18,433.86 of the Plaintiff's monies through Wes Brewer.  This is more money than would have been received had monthly mortgage payments been fully paid through the alleged date of foreclosure and is equivalent to over 38.5% of the remaining 30-year Deed of Trust obligation that the Plaintiff assumed just a couple of years earlier.  Beal Bank did not record these payments correctly and thus caused an alleged erroneous foreclosure to occur.  Plaintiff was not in default on their loan obligations when Beal Bank initiated the alleged foreclosure proceedings.  Plaintiff is claiming wrongful foreclosure.  A void foreclosure sale passes no enforceable title. See, e.g., *Johnson v. Deutsche Bank Nat'l Trust Co.*, No. 2:14-cv-51-KS-MTP, 2015 WL 144924, n.10, (S.D. Miss. Jan. 12, 2015), (citing *Chase Home Fin., L.L.C. v. Hobson*, 81 So. 3d 1097, 1101 (Miss. 2012) (providing that if the foreclosure sale was conducted without statutory authority, the sale was void and the purchaser did not acquire anything at the subject sale) (citations omitted).

21.    Plaintiff urges the court to find against the Defendants' direct or indirect involvement in this Wrongful Foreclosure action whereby the Sam Rayburn Property is returned and other equitable relief is provided to the Plaintiff.

### SECOND CAUSE OF ACTION - QUIET TITLE

22.    In the original state court pleading, Plaintiff discusses "quiet title" concerns (perfection of chain of title) but does not list Quiet Title as a cause of action or count.  Plaintiff is amending this Complaint for the specific inclusion of Quiet Title as a specific cause of action.

23.    Beal Bank <u>did not have a clear, unambiguous record</u> of ownership of the

alleged Deed of Trust or Promissory Note for the Sam Rayburn Property. Beal Bank's "Declaration of Interest" clearly states <u>"… the land records for Lamar County do not reflect the assignment to the present holder or to a predecessor holder of this note and deed of trust because of a lost assignment, that using all reasonable commercial diligence standards, cannot be found . . . therefore, the undersigned declares that it is the present owner and holder of said note and deed of trust securing said note pursuant to valid assignment and endorsement. This Declaration of Interest is filed as evidence of ownership of the above-described indebtedness.</u> [emphasis added]. As mentioned under the first cause of action, the filing of this document by Beal Bank clearly indicates their concern with the lack of perfection of the chain of title involving the alleged Deed of Trust and Promissory Note. The filing and recording of this document with the Lamar County, Mississippi land records is fraudulent. The purpose of a local land records office is to record accurate, certifiable records (e.g. title, deeds of trust, etc.), which was not done in this case.

24.     Additionally, Beal Bank filed this "Declaration of Interest" document on August 30, 2010 almost five and one-half (5½) years after the original Deed of Trust and Promissory Note was executed by Beth Wolfe on May 5, 2005. Plaintiff is claiming Quiet Title to the Sam Rayburn Property based on (1) an interest in the property; (2) title to the property was affected by a claim by the Defendant Beal Bank; and (3) Beal Bank's claim, although facially valid, is invalid or unenforceable. See *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755 (S.D. Tex. Feb 21, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507 (Tex. App. Dec. 30, 2011). A suit to quiet title is an equitable action, and the principal issue is "the existence of a cloud that equity will remove." *Bell*

*v. Ott,* 606 S.W.2d 942, 952 (Tex. Civ. App. 1980). The suit "enable[s] the holder of the feeblest equity right to remove from his way to legal title any unlawful hindrance having the appearance of a better right." *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App. 2000) (quoting *Bell,* 606 S.W.2d at 952) (internal quotation marks omitted). "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Id.*; see also *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W. 3d 32, 42 (Tex. App. 2011). ("A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property.") (citing *Hahn v. Love*, 321 S.W. 3d 517, 531 (Tex. App. 2009). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant[s'] claim to title." *Gordon,* 352 S.W.3d at 42.

25.     Plaintiff urges the court to find that the Plaintiff maintains Quiet Title to the Sam Rayburn Property and cause to have such property returned to the Plaintiff along with the Defendants paying other equitable relief.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

26.     Beal Bank (and possibly Wes Brewer) were unjustly enriched by the alleged foreclosure proceedings conducted on the Sam Rayburn Property as follows:

27.     <u>Windfall</u> – Based on the original promissory note executed by Beth Wolfe, the, monthly mortgage payments were set at $433.55 per month.  From the time the Plaintiff acquired the property [April 29, 2009 (Plaintiff purchase date) to January 12, 2012 (alleged foreclosure date)], Plaintiff would have been allegedly expected to pay approx. $14,090.38.  However, through April 28, 2011, eight and one-half (8½) months prior to the alleged foreclosure, $18,433.86 of Plaintiff monies were paid to Beal Bank and still she lost the Sam Rayburn

Property to an alleged foreclosure. Beal Bank utilized a "dual track" foreclosure process by collecting payments from Wes Brewer and continuing to setup for an alleged quick foreclosure. Beal Bank completed the alleged foreclosure process on the Sam Rayburn Property only six (6) months after the loan was pronounced current by Beal Bank's agent Morris and Associates. Based on the principles of fairness, equity, and justice, Beal Bank should not be allowed to financially benefit when engaging in practices and behaviors aimed at enriching itself at the expense of the Plaintiff. Plaintiff urges the court to find that the Plaintiff is owed restitution due to this illicit windfall.

28. <u>Excessive Fees</u> - Beal Bank (including possibly Wes Brewer) collected many service related fees including attorney fees, service fees, processing fees, transfer fees, trustee fees, and late fees to proceed with the alleged foreclosure process on the Sam Rayburn Property. Many of these fees are not authorized under the original Deed of Trust, are excessively large in amount, and duplicated many times over by Beal Bank and their related affiliates and agents, representatives, and trustees.

29. Plaintiff is claiming Unjust Enrichment based on: (1) the enrichment of Beal Bank and possibly Wes Brewer, (2) that such enrichment was at the expense of the Plaintiff, (3) the facts in this case were such that in equity and good conscience restitution should be made. Unjust enrichment occurs where a party possesses money or property of another party that he should not be permitted to retain in good conscience and justice." *Omnibank of Manteev. Untied Southern Bank*, 607 So. 2d 76, 92. The measure of recovery for unjust enrichment is the return of the property wrongfully retained, *Koval v. Koval*, 576 So. 2d 134, 136 (Miss. 1991) ("recovery in unjust enrichment is that to which the claimant is equitably entitled") (citations omitted), but in no event is a party entitled to such recovery if it would constitute a "windfall or double

recovery."  See also *Ciba-Geigy Corp. v. Murphree*, 653 So. 2d 857 (Miss 1994).

30.     The extent of Wes Brewer's role and amount of compensation received in connection with this unjust enrichment is yet to be determined.  Plaintiff urges the court to find that the Plaintiff is owed equitable relief from Defendants Beal Bank and Wes Brewer due to Unjust Enrichment.

**FOURTH CAUSE OF ACTION - ACCOUNTING**

31.     Payments made by Plaintiff were not credited against Deed of Trust or Promissory Note allegedly owned by Beal Bank.  As discussed in the original state court pleading, Plaintiff believes there are at least three (3) payments, two (2) of which are large amounts, which were not credited by Beal Bank.  Due to improper accounting or misapplied funds, Plaintiff was caused irrevocable harm.  Plaintiff is not liable for Beal Bank's accounting mistakes.   The extent of Wes Brewer's role and amount of monetary enrichment received in connection with this accounting issue is yet to be determined.  Plaintiff is claiming a cause of action for Accounting since a relationship existed between the Plaintiff and Defendants Beal Bank and Wes Brewer that requires an accounting.  Some balance is due the Plaintiff that can only be ascertained by an accounting.  Under Mississippi law, an accounting is a "statement in writing of debits and credits or of receipts and payments." *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 885 (S.D. Miss. 2005) (quoting *State ex rel. King v. Harvey*, 214 So. 2d. 817, 819 (Miss. 1968)).  This type of accounting was never provided originally by Beal Bank or in multiple, subsequent Plaintiff requests of this Defendant.

32.     Plaintiff urges the court to find that Beal Bank did not properly account for the Plaintiff's funds and order a complete Accounting of the loan file.  Should an Accounting discrepancy be validated, Plaintiff urges the court to determine proper

equitable relief caused by Defendants Beal Bank and Wes Brewer.

## FIFTH CAUSE OF ACTION - QUASI CONTRACT

33.     Beal Bank demanded payments on the alleged Deed of Trust and Promissory Note from Wes Brewer (Plaintiff's property manager).  In retrospect, Plaintiff through Wes Brewer's involvement relied on Beal Bank's assertion that it was entitled to payments for the reason that it had allegedly acquired the Deed of Trust and Promissory Note from New South Federal under an agreement with the FDIC.  Beal Bank knowingly accepted the payments from Wes Brewer and retained them for its own use knowing that Beal Bank was not the rightful owner of the Deed of Trust or Promissory Note (see second cause of action).

34.     Plaintiff is claiming Quasi Contract based on: (1) the Plaintiff conferred a benefit on Beal Bank; (2) Beal Bank had knowledge (direct or indirect) of the benefit; (3) Beal Bank accepted or retained the benefit conferred; and (4) the circumstances are such that it is inequitable for Beal Bank to retain the benefit received.  The Mississippi Supreme Court has stated a "quasi or constructive contract rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.... It is an obligation created by law, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money under circumstances that in equity and good conscience he ought not to retain and which in justice and fairness belongs to another." *Magnolia Federal Savings & Loan Association v. Randal Craft Co*, 342 So.2d 1308, 1311 (Miss. 1977).

35.     Plaintiff urges the court to find that a Quasi Contract existed between the Plaintiff and Beal Bank.  As a result, monies paid to Beal Bank should be returned and other equitable relief paid to the Plaintiff.

## SIXTH CAUSE OF ACTION – TREPASS/EJECTION

36.     As previously discussed, Beal Bank did not have standing or authority to allegedly foreclose on the Sam Rayburn Property on January 12, 2012.  The alleged foreclosure sale is void.  As a result, Elliot Sjhon did not acquire the Sam Rayburn Property on September 20, 2012 and holds no valid title.  Under Mississippi law, without a valid title, Elliot Sjhon is in improper and illegal possession of the Sam Rayburn Property and committed trespass to Plaintiff's property when he intentionally invaded the property without consent or right to enter the land for which the Plaintiff has suffered damages.  Plaintiff maintains superior and equitable title in opposition to any conveyance or evidence to title of the Sam Rayburn Property.  Plaintiff is claiming Trespass with regard to the Sam Rayburn Property.   In Mississippi, a "trespass to land is committed when a person intentionally invades the land of another without a license or other right." *Reeves v. Meridian S. Ry., LLC*, 61 So.3d 964, 968 (Miss. Ct. App. 2011).   *Fin., L.L.C. v. Hobson*, 81 So.3d 1097, 1101 (Miss. 2012) (providing that if foreclosure sale was conducted without statutory authority, sale was void and purchaser did not acquire anything at subject sale); *Osborne v. Neblett*, 65 So.3d 311, 313 (Miss. Ct. App. 2011) (holding that foreclosure sale failing to comply with publication requirements of Miss. Code Ann. § 89-1-55 "is a nullity and unenforceable under the law").

37.     An ejection claim is grounded generally on the same legal theory.  Under section 11-19-1 of the Mississippi Code, "[a] civil action seeking ejectment as relief may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded." Miss. Code Ann. § 11-19-1.  Mississippi statutory law requires that the person in possession of real property be made a defendant in an action seeking ejectment. "If the premises for which the action is brought be actually occupied by any person, such actual occupant shall be

made a defendant in the suit . . . " Miss. Code Ann. § 11-19-5.  As recognized in *Housdan v. JPMorgan Chase Bank, N.A.*, No. 3:13cv543, 2014 WL 4814760 (S.D. Miss. Sept. 24, 2014), there are also Mississippi cases holding that a void foreclosure sale passes no enforceable title. See *Chase*, 81 So. 3d at 1101 (Miss. 2012) (providing that if the foreclosure sale was conducted without statutory authority, the sale was void and the purchaser did not acquire anything at the subject sale) (citations omitted); *Osborne,* 65 So. 3d at 313 (Miss. Ct. App. 2011) (holding that a foreclosure sale failing to comply with the publication requirements of Miss. Code Ann. § 89-1-55 "is a nullity and unenforceable under the law").

38.     Plaintiff urges the court to find that the Plaintiff is the legal owner of the Sam Rayburn Property and provide an order of ejectment pertaining to Elliott Sjhon along with other equitable relief.

## SEVENTH CAUSE OF ACTION – SUCCESSOR LIABILITY

39.     On December 18, 2009, the FDIC acquired substantially all the deposits, loans, branch operations, and other assets of New South Federal through receivership and subsequently transferred these assets to Beal Bank.  The FDIC press release states, "If you had a loan with New South Federal Savings Bank, you should continue to make your payments as usual.  The terms of your loan will not change, because they are contractually agreed to in your promissory note.  Checks should be made payable as usual and sent to the same address until further notice. If you have further questions regarding an existing loan, please contact your loan officer." Unfortunately, this turned out not to be the case as discussed previously in the Facts section of this Complaint.

40.     Although Beal Bank did not communicate with the Plaintiff regarding the alleged foreclosure, they had no issue with securing financial amounts of Plaintiff through Wes Brewer.

Beal Bank took advantage of the inherited business relationship between Wes Brewer and New South Federal to collect financial payments for the benefit of Beal Bank but rejected this relationship when notifying the Plaintiff of any pending foreclosure actions or amounts outstanding. Plaintiff believes Beal Bank should have acted in a consistent, compliant manner based on either the direct or indirect knowledge of Plaintiff's ownership of the Sam Rayburn Property. Additionally, Beal Bank should be responsible for the manner in which New South Federal and CENLAR conducted business with the Plaintiff previous to their alleged acquisition of the Deed of Trust and Promissory Note. On two occasions when title was transferred/sold to the Sam Rayburn Property, New South Federal Savings Bank did not accelerate the payment of the mortgage and in fact did communicate with the new title owners to keep the Deed of Trust and Promissory Note current. It is the Plaintiff's contention, that Beal Bank is liable for the manner in which New South Federal administered the Deed of Trust and by changing this process without notification to the Plaintiff led to the fleecing of the Sam Rayburn Property by Beal Bank from the Plaintiff.

41.     Beal Bank continued certain operations of New South Federal and retained certain employees. CENLAR continued handling mortgage payments for Beal Bank as they had previously done for New South Federal. Plaintiff is claiming that Beal Bank is subject to successor liability requirements of New South Federal (i.e. the manner in which New South Federal handled the alleged mortgage administration) due to the "mere continuation", "continuity of the enterprise", and "de facto merger" of New South Federal through continuity of key people, locations/facilities, and products offered. Under Mississippi law, Beal Bank had an obligation to warn about (1) the succession of New South Federal to Beal Bank; (2) the servicing arrangements under Beal Bank; and (3) Beal Bank's knowledge of defects associated with the

Deed of Trust and Promissory Note. See *Huff v. Shopsmith*, 786 So.2d 383 (Miss. 2001). Plaintiff urges the court to find that Defendant Beal Bank is subject to Successor Liability and Plaintiff is owed equitable relief.

### EIGHTH CAUSE OF ACTION – BREACH OF GOOD FAITH

42.    Beal Bank failed to act in good faith in completing the alleged foreclosure action on the Sam Rayburn Property, thus causing irrevocable harm to the Plaintiff, as title owner. Beal Bank, either directly or indirectly, had knowledge that the Plaintiff was the title owner of the Sam Rayburn Property but chose to ignore this information (either through willfulness or lack of due diligence) and not communicate or work with the Plaintiff to resolve the alleged foreclosure status solely for Beal Bank's financial gain. Plaintiff had the capacity to completely pay off the amount of the alleged valid Deed of Trust and Promissory Note had she known about the alleged pending foreclosure action. Additionally, on two occasions in 2013 and 2014, Beal Bank and Johnson & Freedman LLC breached good faith by failing to respond to Plaintiff's requests but instead ultimately chose to be non-responsive. It is the Plaintiff's contention that Beal Bank and Johnson & Freedman LLC were non-responsive due to internal information connected to the alleged Sam Rayburn foreclosure that presents Beal Bank as acting in an unlawful, noncompliant, and/or unethical manner.

43.    Plaintiff is claiming Breach of Good Faith whereby: (1) Beal Bank demanded and received payment of Plaintiff monies to create a quasi-contractual obligation between the parties and (2) Beal Bank acted in a manner that, acted to deprive the Plaintiff of the right to receive the benefits for monies paid. The Mississippi Supreme Court has held that every contract contains an implied covenant of good faith and fair dealing in performance and enforcement. *Morris v. Macione*, 546 So. 2d 969, 971(Miss. 1989). See also *Cenac v. Murray*,

609 So. 2d 1257, 1272 (Miss. 1992). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness, or reasonableness." (Id.).

44.    Plaintiff urges the court to find that Defendant Beal Bank committed a Breach of Good Faith involving the Plaintiff and the Sam Rayburn Property. As a result, equitable relief is owed to the Plaintiff.

## NINTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45.    Due to the Defendants' extreme and outrageous conduct discussed in the prior causes of action, Plaintiff has suffered significant emotional distress. Plaintiff had intended on using the built-up equity in and income from the Sam Rayburn Property to fund her daughter's university tuition, books, and housing costs. As a result of the Defendants' conduct, Plaintiff has had to scale back her daughter's secondary education goals and find other sources to assist her daughter financially. This has created an extreme financial burden on the Plaintiff. Plaintiff claims that the Defendants' negligent conduct has caused her to suffer serious emotional distress and this negligent conduct was a substantial factor in causing such distress. Plaintiff is claiming and is entitled to equitable relief under Negligent Infliction of Emotional Distress under Mississippi law especially "where there is something about the defendant's conduct which evokes outrage or revulsion." *Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 290-91 (Miss. 2007) (quoting *Morrison v. Means*, 680 So. 2d 803, 806 (Miss. 1996)). "The standard is whether the defendant's behavior is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.'" *Id.* (quoting *Leaf River Forest Prods., Inc.* v. *Ferguson*, 662 So. 2d 648, 659 (Miss. 1995) (other citations omitted).

46.     Plaintiff urges the court to find that the Defendants have caused Negligent Inflciton of Emotional Distress with equitable relief being paid to the Plaintiff.

## TENTH CAUSE OF ACTION – CONSTRUCTIVE FRAUD

47.     Beal Bank falsely concealed the alleged foreclosure proceedings from the Plaintiff.  Beal Bank could have easily requested that the alleged valid Deed of Trust be paid off by the Plaintiff but chose not to.  Beal Bank realized the financial upside of pushing for payments from the Plaintiff's property manager while continuing the alleged foreclosure process and failing to disclose this information to the detriment of the Plaintiff.  The Plaintiff's property manager continued to make payments with her funds to her detriment and without her knowledge of the alleged foreclosure proceedings.  Specifically, Plaintiff made payments of over $18,425 to keep the alleged Deed of Trust current only to have Beal Bank take the Sam Rayburn Property away six (6) months later.  Additionally, Plaintiff continued to pay property insurance premiums months after the Sam Rayburn Property was allegedly foreclosed upon, which again demonstrates the Plaintiff had no knowledge of the alleged foreclosure proceedings.  Plaintiff is claiming Beal Bank committed constructive fraud by breaching its legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent.

48.     Plaintiff urges the court to find that the Beal Bank is accountable for Constructive Fraud with equitable relief being paid to the Plaintiff.

## ELEVENTH CAUSE OF ACTION – NEGLIGENCE

49.     At all times relevant herein, Defendants have had a duty to exercise reasonable care and skill.  Beal Bank and the remaining Defendants (to the extent involved) breached their duty of care and skill to the Plaintiff in: (1) allegedly foreclosing with knowledge of not having legal authority, standing, title, or proper documentation to do such; (2) preparing and recording

false documents (i.e. "Declaration of Interest" in Sam Rayburn Property); (3) continuing to demand payments from Plaintiff's property manager under threat of an alleged foreclosure; (4) "dual-tracking" the alleged foreclosure process; (5) creating a windfall profit and charging excessive fees thorough the alleged foreclosure process; (6) failing to accurately credit payments made for the benefit of the Plaintiff; (7) failing to provide an accounting of funds paid; (8) causing the Sam Rayburn Property to be subject to trespass; and (9) failing to act in good faith. Plaintiff is claiming Defendants committed negligence by: (1) not exercising a duty to use ordinary care; (2) breaching that duty; (3) there being a proximate causal connection between the breach of duty and the injury caused to the Plaintiff; and (4) causing the Plaintiff damages.

.    50.    Plaintiff urges the court to find that the Beal Bank and the other Defendants, to the extent involved, accountable for Negligence with equitable relief being paid to the Plaintiff.

## AMENDMENT TO ELIMINATE ANY UNNECESSARY AND DUPICATIVE FEDERAL CAUSES OF ACTION

51.    Although not specifically addressed by the Defendants in their Notice of Removal dated July 2, 2015, Plaintiff is hereby clarifying that none of the Plaintiff's claims for relief in this Complaint "affirmatively and distinctly" involve a federal question as a "direct and essential element of the cause of action".  This Complaint involves state law claims.  The well-pleaded Complaint rule states that federal jurisdiction exists only if there is a federal question that is affirmatively and distinctly presented on the face of the plaintiff's properly pleaded Complaint. The federal law from which the claim arises must be a direct and essential element of the cause of action.  *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93 (10th Cir. 1970). *Andersen v. Bingham & G. Ry. Co.,* 169 F.2d 328 (10th Cir. 1948). *Franchise Tax Bd. Of State of Cal. v.*

*Constr. Laborers Vacation,* 463 U.S. 1, 10-11 (1983). Plaintiff hereby amends this Complaint

and causes of action to pertain Mississippi law issues.

## <u>DAMAGES</u>

52.     The Plaintiff seeks the following damages:

        a.     Return of Sam Rayburn Property to Plaintiff;

        b.     Return of loan payments to Plaintiff: (i) based on Defendant
Beal Bank not having ownership of the Deed of Trust or
Promissory Note <u>or</u> (ii) for amounts not previously credited
for Plaintiff's benefit;

        c.     Equitable relief for out-of-pocket Sam Rayburn Property
related expenses incurred by Plaintiff, such as homeowner's
insurance premiums, real estate taxes, maintenance expenses, and
any other expenses paid during the timeframe that Beal Bank was
pursuing an alleged foreclosure action through July 29, 2012 (date
Plaintiff became aware of the alleged foreclosure);

        d.     Equitable relief for negligent infliction of emotional distress,
mental anguish, and aggravation suffered by the Plaintiff;

        e.     Equitable relief for constructive fraud;

        f.     Equitable relief for negligence;

        g.     Interest, both pre-judgment and post-judgment;

        h.     Court costs and reasonable attorney fees for egregious conduct;

        i.     Punitive damages; and

        j.     Any other relief to which Plaintiff may be entitled.

## **P R A Y E R**

53.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests and prays for:

        a.     All internal file information, memos, letters, exhibits, charts, emails, and other relevant documentation from Defendants relating to the Sam Rayburn Property and alleged foreclosure proceedings;

        b.     A detailed accounting provided from Beal Bank of funds paid for benefit of the Plaintiff by showing where, when, and how payments were recorded;

        c.     A finding in favor of the Plaintiff regarding (a) wrongful foreclosure; (b) quiet title; (c) unjust enrichment; (d) accounting; (e) quasi contract; (f) trespass/ejection; (g) successor liability; (h) breach of good faith; (i) negligent infliction of emotional distress; (j) constructive fraud; and (k) negligence with associated damages being paid to the Plaintiff;

        d.     A finding of compensatory damages awarded to the Plaintiff for distress, anguish, and aggravation caused by the Defendants;

        e.     A finding of constructive fraud and negligence by the Defendants;

        f.     For pre- and post-judgment interest awarded to the Plaintiff;

        g.     For court costs and reasonable attorney fees awarded to the Plaintiff;

        h.     A finding of punitive damages awarded to the Plaintiff;

        i.     For any and all other and further relief that may be just in this matter; and

        j.     For general relief which, in equity and good conscience, Plaintiff is entitled.

Plaintiff respectfully submits these Amendments as described above.

This the 24th day of July, 2015.

Respectfully submitted,

ROBIN SILLS


By Attorney,

PAMELA ROBIN SILLS, ATTORNEY AT LAW


By: /s/Pamela Robin Sills

Pamela Robin Sills (MS Bar No. 9758)
Pamela Robin Sills, Attorney-At-Law
40 Acadian Circle
Hattiesburg, Mississippi 39402
Telephone: (601) 325-7555




<u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing document with the Clerk of the Court

using the Court's ECF system, which sent notification of such filing to all counsel of record.

This, the 24th day of July, 2015.


*/s/ Pamela Robin Sills*
_____