## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

ROBIN SILLS                                                          PLAINTIFF

V.                                          CIVIL ACTION NO. 2:15-CV-90-KS-MTP

BEAL BANK, SSB, *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Remand [5], **strikes** Plaintiff's Amended Complaint [4], **denies as moot** Defendants' Motion to Dismiss [22] Plaintiff's Amended Complaint, and **grants** Defendants' Motion to Dismiss [2] Plaintiff's initial complaint.

### I. BACKGROUND

This is a wrongful foreclosure case arising from a non-judicial foreclosure that occurred on January 12, 2012. Plaintiff filed her initial petition [1-2] in state court on June 4, 2015, and Defendants removed [1] the case to this Court on July 2, 2015. One week later, they filed a Motion to Dismiss [2] Plaintiff's claims. In response to the Motion to Dismiss [2], Plaintiff filed an Amended Complaint [4] pursuant to Rule 15(a)(1), and a Motion to Remand [5]. Defendants eventually filed a Motion to Dismiss [22] the Amended Complaint [4]. All pending motions are ripe for review.

### II. MOTION TO REMAND [5]

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal

jurisdiction of any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). As a general rule, "jurisdictional facts are determined at the time of removal, and . . . post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

Plaintiff alleged in her initial Complaint [1-2] that she is a citizen of Mississippi. The removing Defendants asserted in the Notice of Removal [1] – and Plaintiff does not dispute – that all Defendants named in the initial Complaint [1-2] are citizens of either Nevada or Texas. Therefore, the parties were completely diverse at the time of removal. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."). Plaintiff specifically demanded $104,900 in the initial Complaint [1-2], plus additional compensatory damages for emotional distress and "out-of-pocket expenses" related to the subject property. Therefore, the amount in controversy at the time of removal exceeded the jurisdictional threshold. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Accordingly, the record demonstrates that diversity jurisdiction existed at the time of removal.

There is, however, a statutory exception to the rule that jurisdictional facts are

determined at the time of removal. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). On July 24, 2015, Plaintiff filed an Amended Complaint [4], naming Dan Wesley Brewer and Elliot Sjohn – Mississippi citizens – as additional Defendants. She also omitted the specific request for $104,900 in damages. Plaintiff did not seek the Court's leave to file an amended pleading. Rather, she filed as a matter of course pursuant to Rule 15(a)(1). *See* FED. R. CIV. P. 15(a)(1). But Rule 15(a)(1) does not obviate the Court's responsibility to scrutinize amended pleadings that would destroy its jurisdiction. *See Albritton v. W.S. Badcock Corp.*, No. 1:02-CV-378, 2003 U.S. Dist. LEXIS 28869, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003).[1]

Courts in the Fifth Circuit scrutinize the joinder of non-diverse defendants following removal pursuant to the factors provided in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The Fifth Circuit recognized that an amended pleading naming a non-diverse defendant in a removed action gives rise to competing interests. *Id.* at 1182. On the one hand, permitting the amendment would require remand and

---

[1]*See also Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) ("The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment."); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (holding that the district court properly struck the plaintiffs' amended complaints naming non-diverse parties since the pleadings were filed for the purpose of defeating jurisdiction); *McKnight v. Orkin, Inc.*, No. 5:09-CV-17, 2009 U.S. Dist. LEXIS 69451, 2009 WL 2367499, at *2 (S.D. Miss. July 30, 2009) (rejecting the plaintiff's argument that the court need not scrutinize her amended complaint filed pursuant to Rule 15 because "§ 1447(e) trumps Rule 15(a)").

deprive the diverse defendant of its interest in maintaining the federal venue. *Id.* On the other, denying amendment would risk the maintenance of parallel federal/state litigation and potentially waste judicial resources. *Id.* Therefore, district courts must balance the equities and determine whether amendment should be allowed pursuant to the following factors: "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In analyzing the first factor, district courts often consider whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed. *See, e.g. Shelley v. Colo. State Univ.*, No. A-14-CA-516, 2015 U.S. Dist. LEXIS 28020, 2015 WL 1004292, at *7 (W.D. Tex. Mar. 6, 2015); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *Weathersby v. Gen. Motors Corp.*, No. 4:04-CV-298, 2006 U.S. Dist. LEXIS 33712, 2006 WL 1487025, at *3 (N.D. Miss. 2006). If the plaintiff knew about the non-diverse party when she filed suit but omitted "that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity." *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 U.S. Dist. LEXIS 33895, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015).

Plaintiff admitted in briefing that "[t]he inclusion of Brewer and Sjhon was anticipated and intended by the Plaintiff as the state court case further developed,"

4

indicating that she knew their identities. In fact, Plaintiff specifically mentioned Brewer in the initial Complaint [1-2]. She also alleged that the property sold on the open market in September 2012, and – assuming that she did not know it when she filed her initial pleading – a public records search could have revealed the purchaser's identity. The Court concludes, therefore, that Plaintiff knew or should have known the identity of the non-diverse defendants when the initial Complaint [1-2] was filed, indicating that the purpose of the amendment was to defeat federal jurisdiction. *Id.*

Plaintiff also filed her Amended Complaint [4] only six minutes before she filed her Motion to Remand [5], indicating that the purpose of the amendment was to defeat federal jurisdiction. *See Parker v. Citimortgage, Inc.*, No. 2:14-CV-173-KS-MTP, 2015 U.S. Dist. LEXIS 65857, at *12 (S.D. Miss. May 20, 2015) (where "lynchpin" of plaintiff's motion to remand was nondiverse defendant's presence, it strongly suggested that the purpose of the joinder was to defeat jurisdiction). She also omitted the specific request for $104,900 in damages, in an attempt to bolster her argument that the requirements for diversity jurisdiction had not been met. Finally, she added a new section to the pleading, to clarify that "none of Plaintiff's claims for relief . . . involve a federal question . . . ."

In summary, Plaintiff knew or should have known of Brewer's and Sjohn's identities before filing the initial Complaint, but she only sought to join them after Defendants removed the case to federal court. She then promptly filed a motion to remand on the basis of their joinder. She also made several alterations to the initial Complaint that were obviously intended to deprive this Court of jurisdiction. For these

reasons, the Court concludes that the first *Hensgens* factor weighs against amendment. *See G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014) (affirming denial of leave to amend where the district court held that plaintiff "was aware of the identities and activities of the non-diverse defendants before it filed suit . . . and only chose to add them as parties" after removal), *cert. denied* 135 S. Ct. 1439, 191 L. Ed. 2d 368 (2015); *Albritton*, 2003 U.S. Dist. LEXIS 28869, 2003 WL 21018636, at *2 (noting that the plaintiff filed his motion to remand attacking diversity and amended complaint naming a non-diverse party on the same date, and striking the complaint).

As for the second factor, delays of two months following the filing of the original complaint and thirty days after the notice of removal have "been found dilatory, especially when a plaintiff knew of the potential defendant's role in the dispute when he filed the case in state court." *Anzures*, 886 F. Supp. 2d at 565. But some courts find this factor to favor amendment when leave is sought prior to the initiation of discovery and the scheduling of the case management deadlines. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 891 (S.D. Tex. 2010). Plaintiff's Amended Complaint [4] was filed on July 24, 2015, approximately seven weeks after Plaintiff filed her initial Complaint [1-2] in state court on June 4, 2015, and three weeks after the case was removed [1] on July 2, 2015. As noted above, Plaintiff knew or should have known the nondiverse Defendants' identities before filing the initial Complaint [1-2]. However, no case management conference has been held, and the parties have not conducted any discovery. The Court determines that the second *Hensgens* factor is neutral.

6

Finally, Plaintiff "will [not] be significantly injured if amendment is . . . [dis]allowed." *Hensgens*, 833 F.2d at 1182. She has not demonstrated that Defendants would be unable to satisfy a judgment. *See Wein*, 2015 U.S. Dist. LEXIS 33895, 2015 WL 1275915 at *6. Furthermore, denial of joinder will not preclude Plaintiff from proceeding against the non-diverse Defendants in state court, *see G & C Land*, 587 F. App'x at 103-04, and the additional expense of maintaining "parallel proceedings . . . does not constitute significant prejudice." *Martinez*, 701 F. Supp. 2d at 892. The Court also notes that Plaintiff is representing herself and, therefore, she will not have to pay attorney's fees for two separate actions.

There are no further equitable considerations for the Court to consider. The balance of the *Hensgens* factors requires that the Court deny joinder of the non-diverse Defendants – Dan Wesley Brewer and Elliot Sjhon – and strike Plaintiff's Amended Complaint [4]. *Cf. Priester*, 708 F.3d at 679; *Wein*, 2015 U.S. Dist. LEXIS 33895, 2015 WL 1275915, at *7; *Albritton*, 2003 U.S. Dist. LEXIS 28869, 2003 WL 21018636, at *2. Therefore, Plaintiff's Amended Complaint [4] is no longer the operative pleading, and, as noted above, diversity jurisdiction existed at the time of Defendants' removal. The Court denies Plaintiff's Motion to Remand [5].

### III. MOTION TO DISMISS [22]

Plaintiff's Amended Complaint [4] is no longer the operative pleading. Therefore, Defendants' Motion to Dismiss [22] it is denied as moot.

### IV. MOTION TO DISMISS [2]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

7

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendants argue that all of Plaintiff's claims are barred by the applicable statute of limitations. Specifically, they contend that all of Plaintiff's claims are subject to the general, three-year statute of limitations in MISS. CODE ANN. § 15-1-49(1), and that each claim accrued on the date of the alleged wrongful foreclosure – January 12, 2012.

### A.   *MISS. CODE ANN. §§ 15-1-7, 15-1-9*

Plaintiff argues that the statute of limitations contained in MISS. CODE ANN. §§ 15-1-7 and 15-1-9 applies to her claims. The first statute provides, in relevant part:

> A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person

8

through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry of bring the action shall have first accrued to the person making or bringing the same.

MISS. CODE ANN. § 15-1-7. The next code section applies the limitation to suits in equity to recover land:

A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity. However, in every case of concealed fraud, the right of any person to bring suit in equity for the recovery of land, of which he or any person through whom he claims may have been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which the fraud shall, or, with reasonable diligence might, have been first known or discovered.

MISS. CODE ANN. § 15-1-9.

The Mississippi Supreme Court has explained that "where a plaintiff alleging a possessory interest in the land brings an action *to clear title or to recover land* obtained by fraudulent conveyance, that action is governed by the ten-year statute of limitations" of MISS. CODE ANN. §§ 15-1-7, 15-1-9. *Lott v. Saulters*, 133 So. 3d 794, 799 (Miss. 2014) (emphasis added). However, the ten-year statute of limitations does not govern claims for money damages arising from the conduct which facilitated and/or constituted the fraudulent conveyance. *Id.* at 803.

According to her Complaint [1-2], Plaintiff does not seek recovery of the subject property. Rather, she seeks a wide variety of money damages arising from Defendants' actions. Therefore, while the ten-year statute of limitations of MISS. CODE ANN. §§ 15-1-7, 15-1-9, would apply to an action to recover the subject property, it does not apply to

9

the claims for damages asserted in this case. *Id.*

**B.   *Wrongful Foreclosure***

The catch-all statute of limitations in MISS. CODE ANN. § 15-1-49 applies to "an action for wrongful or fraudulent foreclosure . . . ." *S. Land & Resources Co. v. Dobbs*, 467 So. 2d 652, 655 (Miss. 1985); *see also Tenn. Props., Inc. v. Gillentine*, 66 So. 3d 695, 699 (Miss. Ct. App. 2011); *Ford v. Litton Loan Serv'g LP*, No. 1:14-CV-178-SA-SAA, 2015 U.S. Dist. LEXIS 111778, at *5 (N.D. Miss. Aug. 24, 2015); *Jackson v. Bank of Am., N.A.*, No. 3:13-CV-581-LG-JCG, 2014 U.S. Dist. LEXIS 155011, at *7 (S.D. Miss. Oct. 31, 2014). A wrongful foreclosure claim accrues on the date of the disputed foreclosure. *Comm. Servs. of Perry, Inc. v. FDIC*, 199 F.3d 778, 780 (5th Cir. 2000); *Ford*, 2015 U.S. Dist. LEXIS 111778 at *5; *Jackson*, 2014 U.S. Dist. LEXIS 155011 at *7. The disputed foreclosure occurred on January 29, 2012, and Plaintiff did not file her petition until June 4, 2015 – over three years later. Therefore, Plaintiff's wrongful foreclosure claim is barred by the applicable statute of limitations.

Plaintiff argues that the statute of limitations was tolled because she did not discover that the property had been foreclosed on until July 29, 2012. However, the Substitute Trustee's Deed was recorded on February 21, 2012, providing Plaintiff with constructive notice of the foreclosure. "[W]here the alleged fraudulent conveyance is recorded, the circumstances are public and the means of finding out the character of the transaction is available. Consequently, the running of the statute of limitations is not prevented." *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (Miss. 2001); *see also Gillentine*, 66 So. 3d at 699; *Comm. Servs.*, 199 F.3d at 780. The discovery rule does not

10

apply. At most, Plaintiff's claims were only tolled until February 21, 2012.

## C.   *Negligence*

Negligence claims are governed by the three-year statute of limitations provided in MISS. CODE ANN. § 15-1-49(1). *Alston v. Pope*, 112 So. 3d 422, 424 n. 3 (Miss. 2013); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *5 (S.D. Miss. Sept. 25, 2013). A negligence claim accrues when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. MISS. CODE ANN. § 15-1-49(2); *Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010); *Garlock Sealing Techs., LLC v. Pittman*, 2010 Miss. LEXIS 539, at *18-*19 (Miss. Oct. 14, 2010).

Here, Plaintiff alleges that Defendants negligently serviced her loan and foreclosed on the property. She had constructive notice of the injury in February 2012, when the Substitute Trustee's Deed was recorded. *O'Neal*, 797 So. 2d at 875; *Gillentine*, 66 So. 3d at 699; *Comm. Servs.*, 199 F.3d at 780. Plaintiff filed her complaint in June 2015. Therefore, her negligence claim is barred by the applicable statute of limitations.

## D.   *Breach of the Duty of Good Faith*

Claims for breach of the duty of good faith and fair dealing are governed by the three-year statute of limitations provided in MISS. CODE ANN. § 15-1-49(1). *Fletcher v. Lyles*, 999 So. 2d 1271, 1276 (Miss. 2009); *Rankin v. Am. Gen. Fin., Inc.*, 912 So. 2d 725, 726 (Miss. 2005). The claim accrues when Plaintiff "discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15-1-49(2).

Here, Plaintiff alleged that Defendants breached the duty of good faith by

foreclosing on the subject property. Therefore, she had constructive notice of the injury in February 2012, but she did not file her complaint until June 2015. Plaintiff's claim for breach of the duty of good faith and fair dealing is barred by the applicable statute of limitations.

## E.   Constructive Fraud

Fraud claims are governed by the three-year statute of limitations provided in MISS. CODE ANN. § 15-1-49(1). *Stephens v. Equitable Life Assur. Soc'y of the U.S.*, 850 So. 2d 78, 82 (Miss. 2003). The claim accrues when Plaintiff "discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15-1-49(2). If the fraud is concealed, "the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." MISS. CODE ANN. § 15-1-67.

Here, Plaintiff alleges that Defendants fraudulently concealed the foreclosure proceedings from her while continuing to accept payments. The fraud allegedly culminated in the foreclosure in January 2012. Therefore, Plaintiff had constructive notice of the injury in February 2012, when the Substitute Trustee's Deed was recorded. She did not file her complaint until June 2015, over three years later. Accordingly, her fraud claim is barred by the applicable statute of limitations.

## F.   Unjust Enrichment

Unjust enrichment claims for money damages are governed by the three-year statute of limitations provided in MISS. CODE ANN. § 15-1-49(1). *Hooker v. Greer*, 81 So. 3d 1103, 1111 (Miss. 2012). The claim accrues when Plaintiff "discovered, or by

reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15-1-49(2). Here, Plaintiff had constructive notice of the injury in February 2012, but she did not file her complaint until June 2015. Accordingly, her unjust enrichment claim is barred by the applicable statute of limitations.

### G.   *Negligent Infliction of Emotional Distress*

Claims for negligent infliction of emotional distress are governed by the three-year statute of limitations provided in MISS. CODE ANN. § 15-1-49(1). *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 727 (S.D. Miss. 2014). The claim accrues when Plaintiff "discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15-1-49(2). Here, Plaintiff had constructive notice of the injury in February 2012, but she did not file her complaint until June 2015. Accordingly, her claim of negligent infliction of emotional distress is barred by the applicable statute of limitations.

### H.   *Summary*

For the reasons provided above, the Court finds that all of Plaintiff's claims are barred by the applicable statute of limitations.

### V. CONCLUSION

The Court **denies** Plaintiff's Motion to Remand [5], **strikes** Plaintiff's Amended Complaint [4], **denies as moot** Defendants' Motion to Dismiss [22] Plaintiff's Amended Complaint, and **grants** Defendant's Motion to Dismiss [2] Plaintiff's initial complaint. This case is dismissed with prejudice.

SO ORDERED AND ADJUDGED this 24th day of September, 2015.

13

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE